UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
STRIKE 3 HOLDINGS, LLC, :
: **ORDER**
Plaintiff, : 21 Civ. 2402 (AMD) (VMS)
: 21 Civ. 2413 (DG) (VMS)
-against- : 21 Civ. 2542 (PKC) (VMS)
: 21 Civ. 2545 (MKB) (VMS)
JOHN DOE subscribers 1-6, assigned IP : 21 Civ. 2801 (MKB) (VMS)
addresses 100.33.243.127, 72.69.145.165, : 21 Civ. 3865 (AMD) (VMS)
100.12.116.157, 108.6.6.148, 74.101.94.23 and :
162.84.183.81, :
:
Defendants. :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced these copyright infringement cases against six unnamed Defendants ("Doe Defendants") identified only by the Internet Protocol ("IP") addresses allegedly associated with them (100.33.243.127, 72.69.145.165, 100.12.116.157, 108.6.6.148, 74.101.94.23 and 162.84.183.81). According to Plaintiff, it has used IP address intelligence and online fraud detection tools to determine that each Doe Defendant's IP address traced to a physical address in this District, but that it can only learn the Doe Defendant's identity through his or her non-party Internet Service Provider ("ISP"), Verizon Fios. Before the Court in each case is Plaintiff's ex parte motion pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure seeking permission to serve a subpoena upon each Doe Defendant's non-party ISP to obtain his or her true identity prior to service of process and a Rule 26(f) conference.

      The Court concludes that good cause exists to allow for the expedited discovery and grants Plaintiff's motion for leave to serve a Rule 45 subpoena specific to each one of the above-captioned matters upon the ISP to obtain the relevant Doe Defendant's name and address subject

1

to the protective conditions set forth herein. In support of its decision, the Court incorporates into this Order its reasoning in Strike 3 Holdings, LLC v. Doe, No. 21 Civ. 1553 (WFK) (VMS), 2021 WL 1812633 (E.D.N.Y. May 6, 2021), and Strike 3 Holdings, LLC v. Doe, No. 20 Civ. 4501 (WFK) (VMS), 2021 WL 535218 (E.D.N.Y. Feb. 12, 2021), because the factual circumstances, legal issues and materials submitted in support of Plaintiff's motion in those actions are almost identical to those at issue here. See Strike 3 Holdings, LLC v. Doe, No. 19 Civ. 945 (NGG) (RLM), 2019 WL 4752094 (E.D.N.Y. Sept. 30, 2019); In re Strike 3 Holdings, LLC, No. 17 Civ. 5630 (JS) (SIL), 2018 WL 1710172 (E.D.N.Y. Apr. 9, 2018); Strike 3 Holdings, LLC v. John Doe, No. 18 Civ. 440 (PKC) (RER) (E.D.N.Y. April 24, 2018); see also Strike 3 Holdings, LLC v. Doe, 964 F.3d 1203, 1214 (D.C. Cir. 2020) (reversing district court's denial of the plaintiff's Rule 26(d)(1) motion for discovery for abuse of discretion where, among other things, the plaintiff "utilized technology to target individual serial infringers in the appropriate district court"); UN4 Prods., Inc. v. Doe et al., No. 17 Civ. 3278 (PKC) (SMG), 2017 WL 2589328 (E.D.N.Y. June 14, 2017); Malibu Media, LLC v. Doe, No. 15 Civ. 3504 (JFB) (SIL), 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016); In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80 (E.D.N.Y. 2012); Next Phase Distrib., Inc. v. Does 1–138, No. 11 Civ. 9706 (KBF), 2012 WL 691830 (S.D.N.Y. Mar. 1, 2012).

Although the discovery request at issue is reasonably likely to "lead to identifying information that would make possible service upon [a] particular defendant[] who could be sued in federal court," Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004), it is also substantially likely that a subscriber identified as associated with an allegedly infringing IP address may not in fact be the alleged infringer described in one of Plaintiff's Complaints; for example, the alleged infringer could be "a member of [the subscriber's] family, an employee,

invitee, neighbor or interloper[,]" In re BitTorrent, 296 F.R.D. at 84-85); see Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012); Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012).  As a result of this risk, together with the sensitive nature of the allegations—that Doe Defendants illegally accessed explicit pornographic films—special precautions are necessary to protect the reputation of a possibly innocent subscriber from being incorrectly identified as a Doe Defendant and to minimize Plaintiff's incentive to engage in abusive litigation practices.  See, e.g., In re BitTorrent, 296 F.R.D. at 90 (collecting cases); id. at 93.  These protective conditions are set forth below, and Plaintiff's or the ISP's failure to comply with any of these conditions may result in an award of sanctions or a finding of contempt.

Accordingly:

**IT IS ORDERED** that Plaintiff may serve a subpoena unique to each of the above-captioned matters in compliance with Federal Rule of Civil Procedure 45 ("Subpoena") on the ISP specifically identified in the relevant Complaint to seek the name and address of the internet subscriber(s) associated with the IP address identified in a given Complaint.  Under no circumstances is Plaintiff permitted to seek or obtain a Doe Defendant's phone number or email address, or to seek or obtain information about potential defendants other than the Doe Defendant whose IP address is specifically identified in the Complaint pursuant to which a subpoena is served, without a further Court order.  The Subpoena must include a copy of the Complaint to which it corresponds, this Order and the attached "Notice to Defendant"; and

**IT IS FURTHER ORDERED** that, upon receiving a Subpoena, the ISP shall use reasonable efforts to identify the internet subscriber(s) associated with the referenced IP address, but shall not immediately disclose such information to Plaintiff.  Rather, within sixty (60) days of receiving a Subpoena, the ISP shall serve a copy thereof, together with a copy of the relevant

Complaint, the Notice to Defendant and this Order, upon the subscriber(s) it determines to be associated with the implicated IP address.  This measure is appropriate to place the subscriber(s) on fair notice of Plaintiff's efforts to obtain his or her identifying information, and his or her rights to contest the Subpoena or litigate it anonymously.

In this regard, service by the ISP upon a Doe Defendant may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or overnight service.  The papers shall be enclosed in an envelope in the following order: (1) the Subpoena; (2) the Complaint; (3) the "Notice to Defendant"; and (4) this Order.  Service shall be deemed complete three days after mailing; and

**IT IS FURTHER ORDERED** that the ISP shall notify Plaintiff within ten (10) days of mailing the documents to the subscriber(s) associated with an IP address at issue that it has done so, but the ISP may not disclose the Doe Defendant's identifying information to Plaintiff in that notice.  Within ten (10) days of receiving such notice from the ISP, Plaintiff must file a status report on the docket for which service was reported notifying the Court that a Doe Defendant has been served these documents on the docket.  A Doe Defendant who receives copies of the Subpoena, Complaint, Notice to Defendant and this Order will have a period of sixty (60) days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously.  The ISP may not disclose a Doe Defendant's identifying information to Plaintiff, or its employees or agents, at any time before the expiration 60-day period.  In the event a Doe Defendant moves to quash or modify a Subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the ISP so that the ISP is on notice not to release the Doe Defendant's information to Plaintiff, or its employees or agents, until the issues set forth in the motion have

4

been addressed and the Court issues an Order instructing the ISP to turn over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which Doe Defendant may contest or otherwise move with respect to a Subpoena lapses without such action, the ISP will have a period of ten (10) days to produce the information responsive to the Subpoena to Plaintiff's counsel for "Attorneys' Eyes Only" review, and any information so produced shall not be disclosed to Plaintiff, its employees or agents.  The ISP shall provide a written statement to Plaintiff's counsel confirming compliance with this Order, which Plaintiff's counsel shall then file with the Court under seal; and

**IT IS FURTHER ORDERED** that an ISP receiving a Subpoena shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested therein. If an ISP elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff; and

**IT IS FURTHER ORDERED** that, upon receiving a Subpoena, each ISP shall take reasonable steps to preserve information responsive to the Subpoena until such information is produced to Plaintiff or the Court finally resolves any motion related to the Subpoena; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to the Subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in the Complaint.  Should Doe Defendant appear in this action by contacting Plaintiff's counsel, filing a response to the complaint, or otherwise, Plaintiff may submit a letter request to change the designation of information produced by the ISP from "Attorneys' Eyes Only" to "Confidential."  Any information disclosed to Plaintiff in response to the Subpoena under this Order may only be used for the purpose of protecting Plaintiff's rights as set forth in

its Complaint and only for this action, and no other purpose, including, but not limited to, future litigation against the same Defendant, unless otherwise ordered by the Court; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, the case identified in the caption above shall be litigated in the name of Doe Defendant, regardless of what information is disclosed pursuant to the Subpoena; and

**IT IS FURTHER ORDERED** that Plaintiff shall not initiate settlement discussions, or attempt to contact Defendant prior to service of the Complaint, without leave of Court.  If Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case; and

**IT IS FURTHER ORDERED** that, provided Plaintiff serves the Subpoena authorized by this Order upon the ISP within thirty (30) days of the date of this Order, Plaintiff's time to serve Defendant pursuant to Fed. R. Civ. P. 4(m) is extended to thirty (30) days after the expiration of the period within which Defendant or the ISP may move to quash or modify the Subpoena, or until thirty (30) days following the denial of any such motion.

Dated: Brooklyn, New York
August 20, 2021

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

## NOTICE TO DEFENDANT

1. You are a Defendant in a federal lawsuit filed by Plaintiff Strike 3 Holdings, LLC, which is now pending in the United States District Court for the Eastern District of New York.

2. Attached is a Subpoena, the Complaint and an Order issued by the Honorable Vera M. Scanlon, United States Magistrate Judge. The Subpoena and Complaint identify the specific case number and name for the federal lawsuit brought against you and certain deadlines and procedures.

3. You may hire a lawyer to represent you in this case or you may proceed "pro se" (that is, you may represent yourself without the assistance of a lawyer). If you choose to represent yourself, you may request information about the case from the Clerk's Office of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, which may be reached at (718) 613-2610.

4. Plaintiff in this case, Strike 3 Holdings, LLC, has filed a court action against you claiming that you illegally downloaded and distributed adult movies via your Verizon Fios computer connection.

5. Plaintiff may not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. Plaintiff has served subpoena(s) requesting your identity and contact information from your Internet Service Provider ("ISP"), Verizon Fios. If you do not want your ISP to provide this information to Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena with the Clerk's Office. This must be done within sixty (60) days of the date that you were served with the subpoena and

notice from your ISP that you may be the target of the subpoenaed information in this case.

7.      If you wish to take action, you should review the Court's enclosed Order.  If you move to quash the subpoena or otherwise move to prevent your name from being turned over to Plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to provide your contact information to the Clerk's Office at the Court.  This information is solely for use by the Court which will not provide this information to Plaintiff or lawyers for Plaintiff unless and until it determines there is no longer a basis to withhold it.  The Court requires this information so that it may communicate with you regarding the case.

8.      If you do not move to quash or modify the subpoena, you do not need to take action at this time.  It may be that Plaintiff will continue this action against you by serving a complaint on you.  At that time, you will need to take action in response to the Complaint as provided by federal law and the Federal Rules of Civil Procedure.

9.      Even if you do not file a motion to quash or modify the subpoena, the Court has ordered that you may still proceed in this case anonymously at this time. This means that the Court and Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no longer a basis to withhold it.

10.     If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter to the Clerk's Office stating that you would like to proceed anonymously in your case.  This must be done within 60 days of the date that you were served with notice from your ISP that you are a defendant in this case. You must identify yourself in your letter by the case number in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court decides otherwise.